IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-61-FL

| | |
|---|---|
| TIMOTHY DEAN BEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND** |
| ) | **MEMORANDUM &** |
| v. ) | **RECOMMENDATION** |
| ) | |
| ) | |
| CEQUEL, parent SUDDENLINK ) | |
| COMMUNICATIONS, LLC, and their ) | |
| employees, ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court on the application [DE #1] of Timothy Dean Best ("Plaintiff") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Louise W. Flanagan, United States District Judge. For the reasons stated below, Plaintiff's application to proceed in forma pauperis is allowed, and it is recommended that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IFP MOTION

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks

omitted). Based on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Plaintiff's application to proceed *in forma pauperis* is, therefore, ALLOWED.

## DISCUSSION

### I. Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the *Federal Rules of Civil Procedure* requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

## II. Plaintiff's Claims

Plaintiff states he is bringing his claim under the Federal Fair Credit Reporting Act ("FCRA"). He cites 15 U.S.C. § 1681 in support of his claim but does not indicate under what section of the statute he is suing. Additionally, Plaintiff states he is asserting claims under North Carolina General Statutes §§ 1-539.2C(a)(1)-(2), 14-113.20(b), 75-61(10), 75-62(a)(6), and 75-63(a), which pertain to identity theft and fraud under North Carolina law.

### A. Background

Plaintiff alleges that Cequel and Suddenlink reported inaccurate information concerning a debt to Transunion, Equifax, and Experian. Plaintiff reports that Cequel and its parent company, Suddenlink,[1] opened an account and entered into a

---

[1] Suddenlink is a cable, internet, and telephone provider.

3

contract with Sheila and Afreaka Moye using Plaintiff's personal identification information. The contract was to provide services to an address in Winterville, North Carolina. Plaintiff states that, at all relevant times, he resided in New York. Plaintiff never explicitly states he did not give permission to open the account, but the complaint implies, and the court assumes for purposes of frivolity review, that he never gave such permission.

According to Plaintiff's complaint, the Moyes accumulated $539.00 in debt, and Cequel and Suddenlink reported the unpaid debt to a number of credit reporting agencies, including Transunion, Equifax, and Experian. The negative credit report came to Plaintiff's attention on or about July 29, 2013, when Plaintiff tried to apply for a loan and open a checking account with Chase Bank in New York. Plaintiff's application was denied based on the negative report. Plaintiff alleges that Cequel and Suddenlink violated North Carolina law by not requesting his signature before providing personal identification information to credit reporting agencies and by failing to inform him of the negative credit report.

Following the denial of his loan application, Plaintiff contacted Transunion regarding the negative report, and Transunion placed a fraud alert on the report. On September 13, 2013, Plaintiff relocated to North Carolina and contacted Cequel on September 17, 2013, regarding the report.[2] Cequel stated it would not delete the debt and would not provide services to Plaintiff until the debt was satisfied. Plaintiff then brought this action against Cequel and Suddenlink.

---

[2] Plaintiff has since informed the court that he has temporarily moved back to Woodbourne, New York. (Change of Address [DE #4].)

4

## B. FCRA

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. C. Burr*, 551 U.S. 47, 52 (2007). To carry out its purpose, the FCRA imposes certain duties and procedures upon credit reporting agencies ("CRA"), furnishers of credit information to CRAs, and users of consumer reports. *See* 15 U.S.C. § 1681, *et seq.* Furnishers of credit information are regulated under 15 U.S.C. § 1681s-2.[3] Section 1681s-2(a) lists the essential duties of a furnisher to report complete and accurate information, as well as other similar duties. Furnishers have a general duty to provide accurate and complete information to CRAs and have a continuous duty to correct and update information. 15 U.S.C. § 1681s-2(a). Section 1681s-2(b) outlines the obligations of a furnisher if a consumer disputes the accuracy of information reported to a CRA. Furnishers have the duty to reinvestigate and correct information following proper notice from the CRA. 15 U.S.C. § 1681s-2(b). A furnisher's duty to investigate does not arise until a CRA notifies the furnisher of a dispute. 15 U.S.C. § 1681s-2(b)(1); *see also Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 143, 150 (4th Cir. 2008) (recognizing the duty to investigate is triggered by notice of the CRA to the furnisher).

Private enforcement of the duties imposed upon furnishers is limited under the FCRA. While the FCRA provides civil remedies for negligent or willful

---

[3] A "furnisher" is "[a] person who . . . regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer." 15 U.S.C. § 1681s-2(a)(2).

5

noncompliance with any provision of the FCRA, *see* 15 U.S.C. § 1681n, 1681o, furnishers are not liable for failure to comply with § 1681s-2(a), *see* 15 U.S.C. § 1681s-2(c). Therefore, consumers are barred from bringing private suits for violations by furnishers of the duties enumerated in § 1681s-2(a). *See SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (recognizing there is no private right of action under 15 U.S.C. § 1681s-2(a)); *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1014 (9th Cir. 2009) ("Duties imposed on furnishers under [§ 1681s-2(a)] are enforceable only by federal or state agencies."); *Banks v. Stoneybrook Apartment*, No. 1:99-CV-561, 2000 WL 1682979 (M.D.N.C. June 1, 2000), *aff'd*, 232 F.3d 888 (4th Cir. 2000).

Consumers may only bring private claims against a furnisher pursuant to § 1681s-2(b) for violation of the duty to investigate consumer disputes. *See Saunders*, 526 F.3d at 149. To bring a suit against a furnisher under § 1681s-2(b) a consumer must allege the following: (1) that the consumer notified the CRA of disputed information; (2) that the CRA notified the furnisher of the dispute; and (3) that the furnisher then failed to reasonably investigate and modify the alleged inaccurate information. *See, e.g., Johnson v. MBNA Am. Bank*, 357 F.3d 426, 431 (4th Cir. 2004); *see also Alston v. Wells Fargo Bank*, No. 8:12-CV-3671-AW, 2013 WL 990416, at *4 (D. Md. Mar. 12, 2013).

Here, Plaintiff fails to state a cognizable FCRA claim. Plaintiff generally states that he is bringing his claim under the FCRA citing § 1681 and names Cequel and Suddenlink as defendants. Both are considered furnishers under the FCRA

6

because they provided information concerning a transaction between them and Plaintiff, a consumer. Thus, Plaintiff appears to bring his claim under § 1681s. While allegations that Defendants reported inaccurate and incomplete information to a CRA and failed to correct inaccurate information may violate a furnisher's duties under § 1681s-2(a), Plaintiff may not maintain a private action under § 1681s-2(a).

In an effort to give full consideration to Plaintiff's FCRA claim, the undersigned also considers the possibility of a claim alleging violation of § 1681s-2(b). Plaintiff makes the following cursory allegations, which when read liberally, hint at a claim under § 1681s-2(b): (1) Defendant reported a debt to a CRA; (2) the debt was incurred through identity theft; (3) a CRA placed a fraud alert on the record; (4) Plaintiff contacted Defendant and informed Defendant the information was incomplete and inaccurate. However, Plaintiff has failed to allege any facts to suggest that the CRA notified either of the defendants of the disputed debt, or that Defendants failed to reasonably investigate upon notice. Accordingly, Plaintiff has failed to state a claim under § 1681s-2(b), and Plaintiff's claim under the FCRA should, therefore, be dismissed for failure to state a claim.

### C. Employees

Plaintiff has also failed to allege any facts to support a claim against the employees of either Cequel or Suddenlink. Thus, the employees should be dismissed from the suit.

### D. State Claims

Plaintiff's remaining claims allege Cequel and Suddenlink have violated several state statutes regarding identity theft and fraud. As Plaintiff's claims under the FCRA fail, there are no federal claims to which these state claims may attach. *See* U.S.C. § 1367 (stating that a court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"). Having considered principles of comity, convenience, fairness and judicial economy, the undersigned recommends that the court decline jurisdiction over the remaining state-law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

### CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED. It is RECOMMENDED that Plaintiff's claims be DISMISSED as frivolous or for failure to state a claim upon which relief can be granted and that the court DECLINE to exercise supplemental jurisdiction over the remaining state-law claims.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiff, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the

8

proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 14th day of August 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge