IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 4:14-CV-61-FL

| | |
|---|---|
| TIMOTHY DEAN BEST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER ) |
| CEQUEL, and parent Suddenlink Communication, LLC, and their employees, | ) ) ) ) |
| Defendants. | ) |

This matter is before the court on the memorandum and recommendation ("M&R") of Magistrate Judge Kimberly A. Swank, pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that the court dismiss plaintiff's complaints on frivolity review pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed objections to the M&R, and defendant has not responded. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court dismisses the complaint.

## DISCUSSION

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life &

Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

This case arises under the *in forma pauperis* statute, which authorizes district courts to waive costs and fees for indigent litigants. 28 U.S.C. § 1915; Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Frivolous claims are those that lack "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff filed an application to proceed *in forma pauperis* on April 11, 2014, asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), and state law claims of "Identity Theft" under N.C. Gen. Stat. §§ 1-539.2C, 114-113.20(b), 75-61(10), 75-62, and 75-63(a).[1] Plaintiff is a resident of Greenville, North Carolina. Defendants, who provide cable, internet and telephone service, have a principal place of business in St. Louis, Missouri.

Plaintiff alleges that defendants used his "Personal Identifiable Information" without his consent to open an account for two other individuals, Sheila and Afreaka Moye. (Compl. 2). After the Moyes incurred $539 in debt, defendants reported the debt to a number of credit reporting agencies, and in the process also allegedly reported plaintiff's personal information to those agencies.

The magistrate judge granted the *in forma pauperis* application but determined, on frivolity review, that plaintiff had failed to state a cognizable claim under the FCRA. Specifically, the magistrate judge found plaintiff had not alleged that a credit reporting agency notified defendants

---

[1] Plaintiff refiled the complaint on August 15, 2014, after the magistrate judge issued her recommendation (DE 6). It appears that there are no differences between the two complaints.

of plaintiff's disputed debt, and had also not alleged that defendants failed to reasonably investigate the debt upon notice. Because the sole federal claim failed, the magistrate judge recommended the court decline to exercise supplemental jurisdiction over the remaining claims.

The FCRA imposes certain obligations for persons, such as defendants, who "regularly and in the ordinary course of business furnish[ ] information to one or more consumer reporting agencies about the persons's transactions or experiences with any consumer." 15 U.S.C. § 1681s-2(a)(2). Two subsections are at issue. First, as a general matter, furnishers "have a general duty to provide accurate and complete information" under subsection 1681s-2(a). Saunders v. Branch Banking And Trust Co. of Va., 526 F.3d 142, 149 (4th Cir. 2008). However, the FCRA explicitly bars private suits for violations of § 1681s-2(a). 15 U.S.C. § 1681s-2(d); Saunders, 526 F.3d at 149.

The second subsection "imposes an obligation to review the previously disclosed information and report whether it was incomplete or inaccurate." Saunders, 526 F.3d at 149 (quotation marks omitted). The duties under this subsection apply "upon notice of dispute." 15 U.S.C. § 1681s-2(b). Upon receipt of such notice, the furnisher must conduct an investigation of the disputed information; review all relevant information provided by the consumer reporting agency; report the results of the investigation to the consumer reporting agency; and, if the information is determined to be incomplete or inaccurate, take additional steps to correct the errors. 15 U.S.C. § 1682s-2(b)(1). However, furnishers are only required to act *after* receiving notice of a consumer dispute. Id., 15 U.S.C. § 1681i(a)(2); Johnson v. MBNA Am. Bank, NA, 357 F.3d 426, 431 (4th Cir. 2004); Thomas v. Early Warning Servs., LLC, No. L-0-0825, 2011 WL 1298303, at *2 (D. Md. March 31, 2011) ("A subsection (b) violation "is triggered only upon a consumer reporting agency providing notice to the furnisher of information."). Moreover, it is the consumer reporting agency, not the plaintiff, who must provide notice. Zander v. Saxon Mortg. Serv., Inc., No. 1:13-CV-1141, 2014 WL 4246156, at *5 (W.D.N.C. Aug. 26, 2014) ("[A] furnisher's duties under § 1681s-2(b) are only

triggered by notice from a [consumer reporting agency], not a consumer."); Copley v. Fairbank, No. 2:10 CV 1371, 2011 WL 2421024, at *2 (S.D.W. Va. June 13, 2011) ("[A] creditor's duties under § 1681s 2(b) are triggered by receipt of notice from a credit reporting agency of a credit dispute. Whether the creditor received notice from any other source, such as a Plaintiff, for example, is irrelevant for the purposes of satisfying the FCRA's notice requirement.") (brackets and quotation marks omitted).

Plaintiff raises two objections. First, he argues that "[i]f the Court would pierce the veil of the complaint [sic] factual allegation, the Court will find that I made it clear that I did not give Cequel permission to use my personal identity information, to attain cable services for anybody." (Obj. 1) (DE 7). This objection, which fails to identify any specific error in the magistrate judge's reasoning, is "general and conclusory," and does not address the lack of notice. No clear error is demonstrated.

Second, plaintiff argues that "[t]here were no duties on my behalf, as a non-consumer, to notify the [consumer reporting agency] of any deputed [sic] information which I did not know of at the time . . . ." (Obj. 1). As explained above, however, the furnisher of information has no duty under section 1681s-2(b) until it receives notice from the consumer reporting agency. While the duty to notify the consumer reporting agency of disputed information may not necessarily fall to plaintiff, somehow the furnisher of information must receive notice of the dispute from the consumer reporting agency before section 1681s-2(b) applies. Neither the complaint nor plaintiff's objections allege that defendants received notice of disputed information from a consumer reporting agency. Consequently, his claim for a violation of the FCRA fails to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has also requested permission to file an amended complaint if the court does not find the complaint makes adequate factual allegations. A court may deny leave to amend "if amending

the complaint would be futile . . . ." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). Plaintiff has failed to allege any facts indicating that his amended complaint would satisfy the notice element of his FCRA claim. There being no reason to believe that giving leave to amend would not be futile, plaintiff's FCRA claim is dismissed, without prejudice.

The magistrate judge also recommends dismissing plaintiff's remaining state law claims because, following dismissal of plaintiff's FCRA claim, no claims over which this court has original jurisdiction remain. However, it appears that diversity of citizenship exists between plaintiff and defendant, and the amount in controversy is in excess of $75,000. Thus, plaintiff's state law claims proceed as this court has diversity jurisdiction over them. 28 U.S.C. § 1332.[2]

Turning to those claims, plaintiff invokes a number of sections of the North Carolina General Statutes. Section 75-61(10) provides only the definition of the term "Personal information." No duty or cause of action is detailed in this section. Section 75-63(a), which plaintiff cites in support of his cause for "Fraud Alert," permits a consumer to "place a security freeze on the consumer's credit report by making a request to a consumer reporting agency in accordance with this subsection." N.C. Gen. Stat. § 75-63(a). Plaintiff has not made any allegations indicating that this section was violated; rather, he alleges that a "fraud alert was initiated, based on the Identity Theft." (Compl. 2). To the extent plaintiff's claims are based on these sections, they lack any arguable basis in either law or fact, fail to state a claim on which relief could be granted, and must be dismissed.

Plaintiff also alleges that defendants violated section 75-62(a)(6) of the North Carolina General Statutes because defendants were required "to acquire my written consent, to report my

---

[2] Although plaintiff himself asserts the FCRA as the basis for the court's jurisdiction, "a plaintiff's failure to plead the correct jurisdictional basis does not necessarily fatally affect his claim." D'Addario v. Geller, 264 F. Supp. 2d 367, 390 n. 28 (E.D. Va. 2003); see also May v. Supreme Court of Colo., 508 F.2d 136, 137 (10th Cir.1974) (subject matter jurisdiction may be sustained on the basis of a statute not relied on or alleged in the pleadings); Paynes v. Lee, 377 F.2d 61, 64 (5th Cir.1967) (plaintiff's claim not destroyed for his failure to plead the correct jurisdictional basis).

Social Security Number to the credit reporting agencies." (Compl. 2). The law forbids a business to:

> [s]ell, lease, loan, trade, rent, or otherwise intentionally disclose an individual's social security number to a third party without written consent to the disclosure from the individual, when the party making the disclosure knows or in the exercise of reasonable diligence would have reason to believe that the third party lacks a legitimate purpose for obtaining the individual's social security number.

N.C. Gen. Stat. § 75-62(a)(6).

A violation of this section constitutes an unfair and deceptive trade practice under section 75-1.1 of the General Statutes of North Carolina, for which a private right of action exists under section 75-16. N.C. Gen. Stat. §§ 75-62(d); 75-1.1; 75-16. However, section 75-62(b)(4) creates an exception from 75-62(a)'s prohibition when a business "furnish[es] data to a consumer reporting agency pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*"

Plaintiff has not alleged facts which would show that the furnishing of his social security number was not compliant with the FCRA. Nor has he alleged that, in making the disclosure, defendants knew or in the exercise of reasonable diligence would have had reason to believe that the consumer reporting agencies lacked a legitimate purpose for obtaining his social security number. Thus, here too his complaint fails to state a claim.

Finally, plaintiff brings a claim under N.C. Gen. Stat. §§ 14-113.20 and 1-539.2C. Section 14-113.20 is the state criminal statute against identity theft. It provides that

> [a] person who knowingly obtains, possesses, or uses identifying information of another person, living or dead, with the intent to fraudulently represent that the person is the other person for the purposes of making financial or credit transactions in the other person's name, to obtain anything of value, benefit, or advantage, or for the purpose of avoiding legal consequences is guilty of a felony.

N.C. Gen. Stat. § 14-113.20(a).

Section 14-113.22 provides for punishment and liability of this crime, and states that "any person who commits an act made unlawful by 14-113.20 . . . may also be liable for damages under

G.S. 1-539.2C." Section 1-539.2C provides a private right of action to "[a]ny person whose property or person is injured by reason of an act made unlawful by Article 19C of Chapter 14 of the General Statutes . . . ."

Plaintiff's complaint alleges that defendants "open[ed] an account and contract, to Sheila and Afreaka Moye (Moyes) based on, using my Personal Identifiable Information . . . ." (Compl. 2). However, there is no allegation that defendants used plaintiff's identifying information with the intent to fraudulently represent themselves as plaintiff, as required by N.C. Gen. Stat. § 14-113.20. Accordingly, plaintiff's complaint also lacks an arguable basis and fails to state a claim under N.C. Gen. Stat. §§ 14-113.20(b) or 1-539.2C.

Because plaintiff's complaint fails to allege sufficient facts to state any claim cognizable in law, it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## CONCLUSION

Based on the foregoing, plaintiff's complaint is DISMISSED, without prejudice. The clerk is directed to close this case.

SO ORDERED, this the 17th day of November, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge